IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| SPRING HILL BEECHCROFT ROAD I LLC, | ) )  )  ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No.: _____ ) ) |
| MAGNA SEATING OF AMERICA, INC., | ) ) ) ) |
| Defendant. | ) ) |

## COMPLAINT

Plaintiff Spring Hill Beechcroft Road I LLC ("Spring Hill"), by and through its undersigned counsel, respectfully submits this Complaint against Defendant Magna Seating of America, Inc. ("Magna") (collectively, Spring Hill and Magna can be described as the "Parties") and shows the Court as follows:

## PARTIES AND PERSONAL JURISDICTION

1. Plaintiff Spring Hill is a Delaware limited liability company with a principal place of business located at 4760 Richmond Road, Suite 200, Cleveland, Ohio 44128. Spring Hill is a wholly-owned company whose sole member is Weston, Inc. ("Weston"). Weston is an Ohio corporation with a principal place of business located at 4760 Richmond Road, Suite 200, Cleveland, Ohio 44128.

2. Defendant Magna is a Delaware corporation with a principal place of business located at 30020 Cabot Drive, Novi, Michigan 48377. Magna may be served with process through

its registered agent, Corporation Service Company, which is located at 2908 Poston Avenue, Nashville, TN 37203-1312.

3. Magna regularly conducts business in this jurisdiction.

4. This Court has personal jurisdiction over Magna as the operative facts giving rise to this Complaint occurred in, and the real estate that is the subject of the transaction is located in, Spring Hill, Maury County, Tennessee.

## SUBJECT MATTER JURISDICTION AND VENUE

5. Spring Hill brings this action against Magna for breach of a reimbursement agreement for costs incurred by Spring Hill to undertake "early start actions" associated with and during negotiations between Spring Hill, the landlord of certain real property located in Maury County, Tennessee, and Magna, the tenant of the real property, for a building expansion on the leased premises.

6. Subject matter jurisdiction in this matter is founded on diversity of citizenship under 28 U.S.C. §1332 because complete diversity of citizenship exists and the amount in controversy exceeds $75,000 for the amount due under the reimbursement agreement between the Parties.

7. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims and the subject of the contract involved, occurred, and/or are located in the Middle District of Tennessee, Columbia Division.

## FACTUAL BACKGROUND

8. In August of 2014, former landlord Spring Hill 56 Building I, LLC entered into an "Industrial Build to Suit Lease – Single Tenancy" ("Lease") with tenant Magna.

9. On May 31, 2018, Spring Hill 56 Building I, LLC assigned the Lease to Spring Hill and thus, Spring Hill became the landlord.

10. On April 1, 2019, landlord Spring Hill entered into a First Amendment to Lease Agreement with tenant Magna (the "First Amendment").

11. On November 17, 2021, Spring Hill and Magna executed a Reimbursement Agreement, effective as of November 9, 2021 (the "Reimbursement Agreement"). (See Reimbursement Agreement attached as **Exhibit 1**.)

12. By entering into the Reimbursement Agreement, Spring Hill promised to perform "early start actions" as described in Exhibit B of the Reimbursement Agreement (the "Early Start Actions") and incurred certain costs while Spring Hill and Magna negotiated a potential building expansion on the leased premises.

13. In order to reach an agreement on the proposed building expansion, the Parties would be required to execute a Second Amendment of the Lease (the "Second Amendment").

14. Execution of the Second Amendment, however, was not a condition precedent to the duties and obligations created by the Reimbursement Agreement as the activities imposed on Spring Hill by the Early Start Actions were to be incurred "[b]efore execution and delivery of the Second Amendment."

15. Per the Reimbursement Agreement, Magna promised to reimburse Spring Hill for 100% of the reasonable, direct out-of-pocket costs actually incurred by Spring Hill for the Early Start Actions, not to exceed $555,260.00, in the event that the Parties had not executed the Second Amendment on or before the earlier of (i) February 28, 2022, or (ii) the effective date of any written notice by Magna to terminate the negotiations associated with the Second Amendment.

- 3 -
Case 1:22-cv-00049    Document 1    Filed 12/09/22    Page 3 of 12 PageID #: 3

16. Per the Reimbursement Agreement, Magna agreed that interest would accrue on any unpaid reimbursement at a rate of three percent (3%) per annum.

17. Per the Reimbursement Agreement, Magna agreed to compensate Spring Hill for all other losses, costs, and expenses, including reasonable attorneys' fees, incurred by Spring Hill.

18. On February 7, 2022, Spring Hill and Magna entered into a First Amendment of the Reimbursement Agreement increasing the $555,260.00 cost cap to $1,172,870.00 ("Amendment to Reimbursement Agreement"). (See First Amendment of the Reimbursement Agreement attached as **Exhibit 2**.)

19. Spring Hill performed Early Start Actions incurring costs of $992,834.25.

20. The costs incurred by Spring Hill for the Early Start Actions fell within the definition of "Early Start Actions and Costs Summary" attached as Exhibit B to the Reimbursement Agreement and as amended by the Amendment to the Reimbursement Agreement, and/or as later agreed upon or ratified by the Parties.

21. During the Early Start Actions, Spring Hill, in good faith, negotiated with Magna regarding the Second Amendment.

22. Magna's right to terminate the negotiations expired on February 28, 2022.

23. To the extent Magna retained any right to terminate the negotiations beyond this deadline, Magna subsequently terminated these negotiations by written notice to Spring Hill before the filing of this Complaint.

24. The Parties did not fully execute the Second Amendment.

25. In July and August of 2022, Spring Hill asked Magna whether it intended to reimburse Spring Hill for the costs it had incurred pursuant to the Reimbursement Agreement. Magna failed to respond to these inquiries.

26. On August 29, 2022, via certified mail and email, Spring Hill demanded reimbursement of its estimated costs from Magna. (See August 29, 2022 Demand Letter attached as **Exhibit 3**.)

27. On September 1, 2022, Spring Hill emailed Magna confirming that it incurred costs of $992,834.25, represented by invoices for the following costs:

| Date | Charge | Responsible Party | Amount |
|---|---|---|---|
| 1/31/22 | Invoice 5011 | ARCO | $94,360.20 |
| 3/1/22 | Invoice 5014 | ARCO | $19,522.80 |
| 4/27/22 | Invoice 5019 | ARCO | $20,117.00 |
| 5/28/22 | Invoice 5027 | ARCO | $33,909.80 |
| 6/30/22 | Invoice 5047 | ARCO | $107,375.20 |
| 7/28/22 | Invoice 5052 | ARCO | $134,972.31 |
| 08/31/22 | Invoice 5057 | ARCO | $496,407.09 |
| 4/18/22 | Retainer Payment | Frost Brown Todd | $10,000.00 |
| 5/25/22 | Bill # 2102855652 | Frost Brown Todd | $21,405.63 |
| 7/28/22 | Bill # 2102999021 | Frost Brown Todd | $5,794.00 |
| 08/31/22 | Bill # 210305828 | Frost Brown Todd | $3,637.00 |
| 2/11/22 | Invoice Titan1001 | Weston | $4,958.01 |
| 3/8/22 | Invoice Titan1002 | Weston | $976.14 |
| 4/5/22 | Invoice Titan1003 | Weston | $1,005.85 |
| 5/6/22 | Invoice Titan1004 | Weston | $1,695.49 |
| 7/5/22 | Invoice Titan1005 | Weston | $5,368.76 |
| 8/4/22 | Invoice Titan1006 | Weston | $6,748.62 |

| 8/31/22 | Invoice Titan1007 | Weston | $24,580.35 |
|---------|-------------------|--------|------------|
|         | Total             |        | $992,834.25 |

(See September 1, 2022 email and invoices collectively attached as **Exhibit 4**.)

28. Despite Spring Hill's demand for the amounts due and owing under the Reimbursement Agreement, Magna refused to reimburse Spring Hill.

29. All conditions precedent to filing this action have been satisfied.

## COUNT I
## BREACH OF CONTRACT

30. Spring Hill reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 29 above.

31. The Reimbursement Agreement, as amended, is a valid and enforceable contract between Spring Hill and Magna.

32. Spring Hill performed the Early Start Actions incurring costs in the amount of $992,834.25.

33. The Parties did not fully execute the Second Amendment.

34. Magna's right to terminate the negotiations relating to the Second Amendment expired on February 28, 2022.

35. To the extent Magna retained any right to terminate the negotiations beyond this deadline, Magna subsequently terminated these negotiations by written notice to Spring Hill before the filing of this Complaint.

36. The costs incurred by Spring Hill for the Early Start Actions under the Reimbursement Agreement became due and payable on February 28, 2022.

37. Magna breached the Reimbursement Agreement by refusing to reimburse Spring Hill for the costs of the Early Start Actions.

38. Spring Hill has proven its claim for breach of contract by proving the existence of a valid and enforceable contract, a deficiency on the part of Magna amounting to a breach, and damages caused by the breach. See ARC Life Med, Inc. v. AMC-Tenn., Inc., 183 S.W.3d 1, 26 (Tenn. Ct. App. 2005).

39. The costs of the Early Start Actions are compensatory damages that are intended to make Spring Hill whole again. See Goff v. Elmo Geer & Sons Const. Co., Inc., 297 S.W.3d 175, 187 (Tenn. 2009) (citing Hodges v. S.C. Tooth & Co., 833 S.W.2d 896, 902 (Tenn. 1992)).

40. Magna agreed to compensate Spring Hill for interest on any unpaid reimbursement at a rate of three percent (3%) per annum and "for all other losses, costs, and expenses, including reasonable attorneys' fees" if Magna failed to reimburse Spring Hill.

41. By virtue of its breach of the Reimbursement Agreement, Magna is liable for the outstanding costs, plus interest which continues to accrue on the outstanding balance, plus reasonable attorney's fees, pre-judgment interest, and all costs of court and expenses of collection.

42. Punitive damages, while generally not available in a breach of contract case, may be awarded in a breach of contract action under certain circumstances. See Rogers v. Louisville Land Co., 367 S.W.3d 196, 211 n. 2 (Tenn. 2012). In such circumstances, to recover punitive damages, the trier of fact must find that a defendant acted either intentionally, fraudulently, maliciously, or recklessly. Hodges, 833 S.W.2d at 901. To the extent such circumstances are present in this case, Spring Hill respectfully requests a proper award of such damages.

WHEREFORE, Spring Hill respectfully requests that a judgment for breach of contract be entered in its favor and that as a result of that breach, Spring Hill be awarded compensatory

damages in the form of the unpaid contractual damages due and owing for reimbursement of the Early Start Actions in the amount of $992,834.25, pre-judgment interest, reasonable attorneys' fees, consequential damages, and any further, additional, or other relief to which Spring Hill might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

## COUNT II
## DECLARATORY RELIEF

43. Spring Hill re-alleges and re-incorporates by reference into this cause of action all factual allegations set forth in Paragraphs 1 through 29.

44. An actual and justiciable controversy presently exists between Spring Hill and Magna concerning Magna's failure and/or refusal to reimburse Spring Hill for the costs incurred during the Early Start Actions.

45. Spring Hill's interest in this Court determining its rights under the Reimbursement Agreement is direct, substantial, and immediate.

46. This Court may declare rights, duties, statutes and other legal relations, regardless of future relief that is or could be claimed.

47. Resolution of the Parties' respective rights and duties under the Reimbursement Agreement by declaration of this Court is necessary should there exist no adequate remedy at law.

48. Spring Hill alleges and contends that the costs for the Early Start Actions are covered and due under the Reimbursement Agreement.

49. Upon information and belief, Spring Hill alleges that Magna disputes and denies Spring Hill's claim to reimbursement of its costs for failure of the Parties to execute the Second Amendment of the Lease and due to Magna's right to terminate the negotiations expiring or, to the

extent Magna retained a right to terminate beyond its deadline, Magna terminated the negotiations by written notice to Spring Hill.

50. Spring Hill therefore seeks a declaratory judgment on its behalf regarding each contention in its Complaint.

51. Spring Hill is entitled to a declaratory judgment under Tenn. Code Ann. § 29-14-101 et seq., 28 U.S.C. § 2201, and Federal Rule of Civil Procedure 57 that Magna is obligated to immediately pay Spring Hill for reimbursement of the Early Start Actions in the amount of $992,834.25, pre-judgment interest, reasonable attorneys' fees, consequential damages, and any further, additional, or other relief to which Spring Hill might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

WHEREFORE, Spring Hill respectfully requests a declaration that it is entitled to reimbursement of the Early Start Actions in the amount of $992,834.25, pre-judgment interest, reasonable attorneys' fees, consequential damages, and any further, additional, or other relief to which Spring Hill might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

## COUNT III
## QUANTUM MERUIT

52. Spring Hill reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 29 above.

53. Should this Court find there is no existing, enforceable Reimbursement Agreement, or that any provision of the Reimbursement Agreement is unenforceable, Spring Hill is entitled to reimbursement of the costs for the Early Start Actions under quantum meruit.

54. Spring Hill provided valuable goods and services through its Early Start Actions, which Magna received.

- 9 -
Case 1:22-cv-00049   Document 1   Filed 12/09/22   Page 9 of 12 PageID #: 9

55. Upon information and belief, by signing the Reimbursement Agreement and having Spring Hill undertake the Early Start Actions, Magna reasonably understood that Spring Hill expected to be compensated for reimbursement of the costs for the Early Start Actions.

56. It would be unjust for Magna to benefit from the Early Start Actions, provided to Magna during the negotiations of the Second Amendment of the Lease, while not reimbursing Spring Hill for the costs incurred for the Early Start Actions.

WHEREFORE, Spring Hill respectfully requests a judgment that it is entitled to reimbursement of the Early Start Actions in the amount of $992,834.25, pre-judgment interest, reasonable attorneys' fees, consequential damages, and any further, additional, or other relief to which Spring Hill might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

## COUNT IV
## PROMISSORY ESTOPPEL

57. Spring Hill reiterates and incorporates by reference, as if fully set forth herein, the allegations of paragraphs 1 through 29 above.

58. Magna promised to reimburse Spring Hill for costs of the Early Start Actions should the Parties not execute the Second Amendment of the Lease.

59. This promise was unambiguous and not unenforceably vague.

60. Spring Hill reasonably relied upon this promise to its detriment by undertaking the Early Start Actions and incurring the costs associated with them in the amount of $992,834.25.

WHEREFORE, Spring Hill respectfully requests a judgment that it is entitled to reimbursement of the Early Start Actions in the amount of $992,834.25, pre-judgment interest, reasonable attorneys' fees, consequential damages, and any further, additional, or other relief to

which Spring Hill might be entitled including, but not limited to, punitive damages which may be warranted under the specific circumstances of this case.

## RESERVATION OF RIGHTS

61. Spring Hill reserves all rights for any and all other causes of action not alleged herein. Spring Hill further reserves all other rights, causes of action and claims it has against all other parties.

## PRAYER FOR RELIEF

**WHEREFORE**, Spring Hill Beechcroft Road I LLC prays that judgment be rendered in its favor and against the Defendant, Magna Seating of America, Inc., as follows:

1. Defendant Magna be cited to appear and answer;

2. Spring Hill be granted judgment against Defendant Magna for $992,834.25, plus interest which continues to accrue;

3. Spring Hill be granted pre-judgment interest, judgment for all costs of court, and collection and for reasonable attorney's fees;

4. Spring Hill be granted all consequential damages;

5. Spring Hill be granted punitive damages should the trier of fact evaluate the circumstances associated with Magna's breach to determine that such actions arose to the level of intentional, fraudulent, malicious, or reckless conduct; and

6. Spring Hill be granted such other and further relief, special or general, legal or equitable, to which Spring Hill may show itself justly entitled.

Respectfully Submitted,

/s/ Joseph V. Ronderos
Shaun K. Ramey
Joseph V. Ronderos
McGlinchey Stafford
424 Church St., Suite 2000
Nashville, TN 37219
(615) 762-9044 (telephone)
(615) 523-1725 (facsimile)
sramey@mcglinchey.com
jronderos@mcglinchey.com
*Attorneys for Spring Hill Beechcroft Road I LLC*